**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JOSEPH L. RETZER | : | |
| | : | |
| | : | No. 1731 WDA 2018 |
| APPEAL OF: WILLIAM R. BICKERTON | : | |

Appeal from the Order Entered November 27, 2018
in the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000530-2017

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 27, 2019**

William R. Bickerton, Esquire ("Bickerton"), appeals from the Order denying his Motion to Withdraw as Counsel.  We affirm.

On December 19, 2016, Detective Ryan R. Spencer ("Detective Spencer") of the Ford City Police Department filed a Criminal Complaint against William Joseph L. Retzer ("Retzer"), charging Retzer with four counts each of involuntary deviate sexual intercourse with a child, sexual assault, corruption of minors, indecent assault, and harassment.[1]  In the Criminal Complaint, Detective Spencer alleged that between 2006 and 2008, and 2012 and 2014, Retzer had unlawful sexual contact with two children, between the ages of 3 and 5, and 5 and 7, respectively.  The two children detailed the

_____

[1] **See** 18 Pa.C.S.A. §§ 3123(b), 3124.1, 6301(a)(1), 3126(a)(1), 2709(a)(3).

circumstances of the events at two interviews with police on August 31, 2015, and December 5, 2016.

On January 11, 2017, Retzer was arrested on the aforementioned charges. Following Retzer's preliminary hearing, a magisterial district court set bail and scheduled a formal arraignment. On January 18, 2017, Retzer posted bail, and was released from prison. On August 7, 2017, Bickerton entered his appearance as Retzer's counsel, and Retzer waived his right to an arraignment and entered a plea of not guilty. The trial court summarized the subsequent procedural history as follows:

> In September of 201[7,] [Bickerton] filed an Omnibus Pretrial Motion[,] which asserted violations of [Retzer's] constitutional rights, raised questions pertaining to charges stemming from when [Retzer] was a minor, as well as the use of hearsay at [Retzer's] preliminary hearing. [Bickerton] went on to file three continuances between November 15, 2017[,] and March 12, 2018.[FN1] [Retzer's] Omnibus Pretrial Motion was not argued before [the trial court] until April 18, 2018. [Retzer's] Omnibus [Pretrial] Motion was granted in part and denied in part by Order dated May 1, 2018. [Retzer] filed an Application for Amendment of an Interlocutory Order on June 20, 2018.[] [Pending a hearing on Retzer's Application for Amendment, Retzer filed a Motion for, and was granted, a continuance, his fourth.] The [trial c]ourt denied the [A]pplication by [c]ourt Order dated July 20, 2018.[FN2] [Retzer] next filed a Motion to Compel, which was scheduled for October 9, 2018, but was continued by the [trial c]ourt.
>
> This case was eventually set for trial [on] November 5, 2018. [Retzer] filed for a continuance on October 17, 2018, [his fifth,] noting that there were still pre-trial issues to be determined. [Bickerton] filed his Motion to Withdraw just over two weeks later, on November 2, 2018. … A hearing on [Retzer's] Motion to Compel and [Bickerton's] Motion to Withdraw was held on November 21, 2018.

[FN1] The reasons for the continuances varied. In his November 15 Motion, [Bickerton] asserted a continuance was necessary because [a] co-[d]efendant was in the process of obtaining new counsel and [d]iscovery was recently made available. In the January 19 Motion, [Bickerton] notes that counsel responsible for arguing the Motion was on an unexpected medical leave. Lastly, in the March 12 Motion, [Bickerton] points to scheduling in the Superior Court on an unrelated matter[,] creating scheduling difficulties.

[FN2] [Retzer] filed an appeal for review of [his] [Application,] which [this Court] denied….

Trial Court Opinion, 2/6/19, at 1-2 (footnote 2 relocated).

Following the hearing, the trial court denied and dismissed Retzer's Motion to Compel, and denied Bickerton's Motion to Withdraw. Bickerton filed a timely Notice of Appeal,[2] and a facially untimely court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Bickerton presents the following questions for our review:

1. Should the issues be deemed waived due to an alleged untimely filing of the [Concise] Statement of [m]atters [c]omplained of on [a]ppeal [p]ursuant to Pa.R.A.P. 1925(b)?

2. Did the trial court err by denying [] Bickerton's Motion to Withdraw as Counsel?

Brief for Appellant at 6 (issues reordered).

---

[2] We note that we have jurisdiction over this appeal from a collateral order. **See Commonwealth v. Magee**, 177 A.3d 315, 319-22 (Pa. Super. 2017) (holding that trial counsel's appeal from an order denying his motion to withdraw as counsel is immediately appealable as a collateral order, where counsel's request is based on the client's inability to pay for counsel's legal services); **see also** N.T., 1/25/19, at 3 (wherein Bickerton states that he is seeking to withdraw due to Retzer's inability to make payment for Bickerton's services); Bickerton's Concise Statement, 12/31/18, at ¶ 1(b) (same).

In his first issue, Bickerton alleges that his claims should not be waived, despite his failure to timely file a Pa.R.A.P. 1925(b) Concise Statement. *See* Brief for Appellant at 12. Bickerton points out that pursuant to Pa.R.A.P. 1925(b)(1), a concise statement may be filed by mail, and shall be considered complete on mailing if the appellant obtains a certificate of mailing. *Id.* Bickerton argues that (1) he deposited his Concise Statement in the mail, addressed to the trial court, on December 27, 2018, the final day for his Concise Statement to be considered timely; and (2) he obtained a certificate of mailing from the Postal Service. *Id.*

Here, the trial court ordered Bickerton to file a Pa.R.A.P. 1925(b) concise statement by December 27, 2018. Bickerton's Concise Statement was not received by the prothonotary until December 31, 2018. However, Bickerton has filed with the prothonotary a Postal Service Form 3817, Certificate of Mailing. The Certificate indicates that Bickerton deposited his Concise Statement with the Postal Service on December 27, 2018. Accordingly, Bickerton's Concise Statement is timely. *See* Pa.R.A.P. 1925(b)(1) (stating that the filing of a concise statement is complete upon mailing where the appellant obtains, and files of record, a certificate of mailing that verifies the date of mailing).

In his second issue, Bickerton alleges that the trial court erred by denying his Motion to Withdraw as Counsel. *See* Brief for Appellant at 13-27. Bickerton claims that (1) his continued representation of Retzer would result in a violation of the Rules of Professional Conduct; and (2) Retzer lacks the

- 4 -

necessary financial resources to pay for Bickerton's services, and for the services of an expert witness, which Bickerton has deemed necessary for an effective defense. *Id.* Bickerton states that he provided Retzer sufficient notice of his intent to withdraw as counsel, and that he has continued representing Retzer's legal interests while Bickerton's Motion to Withdraw and appeal have been pending. *Id.* at 20-21. Bickerton also argues that Retzer would not suffer prejudice should Bickerton's Motion to Withdraw be granted. *Id.* at 22-27.

"[W]e review a trial court's denial of counsel's petition to withdraw under the abuse of discretion standard." *Magee*, 177 A.3d at 322.

> The Rules of Criminal Procedure provide that an attorney for a defendant may not withdraw without leave of court. Pa.R.Crim.P. 120(B)(1). A comment to the rule explains:

>> The court must make a determination of the status of a case before permitting counsel to withdraw. Although there are many factors considered by the court in determining whether there is good cause to permit the withdrawal of counsel, when granting leave, the court should determine whether new counsel will be stepping in or the defendant is proceeding without counsel, and that the change in attorneys will not delay the proceedings or prejudice the defendant, particularly concerning time limits. In addition, case law suggests other factors the court should consider, such as whether (1) the defendant has failed to meet his or her financial obligations to pay for the attorney's services and (2) there is a written contractual agreement between counsel and the defendant terminating representation at a specified stage in the proceedings such as sentencing....

> Pa.R.Crim.P. 120, Cmt. This Court has said[,]

No brightline rules exist to determine whether a trial court has abused its discretion in denying a [p]etition to [w]ithdraw as counsel. A balancing test must be utilized to weigh the interests of the client in a fair adjudication and the Commonwealth in the efficient administration of justice. Thus, a resolution of the problem turns upon a case by case analysis with particular attention to the reasons given by the trial court at the time the request for withdrawal is denied.

The balancing test includes consideration of the interests of the attorney seeking withdrawal, *i.e.*, factors including, but not limited to, the amount of time, money and energy already expended on the case and whether counsel's withdrawal would prejudice the client so as to amount to a "desertion" of the latter's cause.

**Magee**, 177 A.3d at 323 (some citations and quotation marks omitted).

In support of its Order denying Bickerton's Motion to Withdraw, the trial court states that Bickerton has spent extensive time and resources investigating and developing Retzer's case. *See* Trial Court Opinion, 2/6/19, at 6-7. The trial court points to the Pretrial Motions that Bickerton has filed, and several more that Bickerton has claimed an intent to file. *Id.* The trial court additionally cites the numerous continuances requested by Bickerton, on behalf of Retzer, in order to prepare these Motions. *Id.* at 7. The trial court was not convinced by Bickerton's "bare and vague assertions" that he would be violating the Rules of Professional Conduct should he not be permitted to withdraw. *Id.* at 8. The trial court concluded that given the lengthy procedural history, and Bickerton's significant time and resources invested in the case, Bickerton is "in the best position to ensure a fair

adjudication, while maintaining the [c]ourt's interest in the efficient administration of justice." *Id.* We agree.

As stated by the trial court, Bickerton's multiple continuances, totaling approximately 9 months' time over 18 months of representation, and his numerous filed Motions, and Motions yet to be presented, demonstrate a significant amount of time and resources invested in Retzer's case. Bickerton has not stated whether Retzer has obtained replacement counsel, or will be proceeding *pro se*. Additionally, Bickerton has not presented an engagement letter with Retzer which would have advised Retzer of Bickerton's ability to withdraw as counsel at the case's current stage in the proceedings. We conclude that the trial court properly weighed Bickerton's interest in withdrawing as counsel with Retzer's right to counsel and the Commonwealth's interest in the efficient administration of justice, and did not abuse its discretion in denying Bickerton's Motion to Withdraw. *See Magee*, *supra*; *see also id.* at 325 (stating that "the interests of the attorney are but one factor" to consider in assessing a motion to withdraw).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 7 -

Date: <u>11/27/2019</u>